## JOHNSTON v. FIDELITY NAT. BANK & TRUST CO. OF KANSAS CITY, MO.

(Circuit Court of Appeals, Eighth Circuit. October 20, 1925. Rehearing Denied January 1, 1926.)

No. 6862.

1. **Evidence** ☞404—Guaranty, where clear and unambiguous, cannot be varied by parol.

Where guaranty securing indebtedness is clear and unambiguous, it cannot be varied by parol.

2. **Guaranty** ☞36(2)—Continuing guaranty held intended to secure individual indebtedness of officers and directors of bank, and not that of bank.

Continuing guaranty of indebtedness of bank and its officers and directors, who together were designated as "borrower," signed by officers of bank individually, held intended to secure indebtedness of individual signers, and not that of bank.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by the Fidelity National Bank & Trust Company of Kansas City, Mo., against P. A. Johnston. Judgment for plaintiff, and defendant brings error. Affirmed.

Austin M. Cowan, of Wichita, Kan. (John W. Davis, of Greensburg, Kan., and Chester I. Long, J. D. Houston, Claude I. Depew, James G. Norton, W. E. Stanley, and W. B. Harms, all of Wichita, Kan., on the brief), for plaintiff in error.

Justin D. Bowersock, of Kansas City, Mo. (Bowersock & Fizzell and John F. Rhodes, all of Kansas City, Mo., on the brief), for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. Defendant in error, plaintiff below, brought suit against plaintiff in error, defendant below, upon a written guaranty executed to plaintiff by defendant and certain other officers and directors of the First National Bank of Laverne, Okl., to recover the amount due upon two promissory notes—one for $3,000, dated February 3, 1922, executed by one Roy Sappington; the other for $3,500, dated February 3, 1922, executed by the Sappington Grain Company, a corporation, and bearing the indorsement of the said Roy Sappington. The first of these notes was for the balance of an indebtedness to the plaintiff of $5,000, which originated in August, 1918; the second for the balance of an indebtedness of $7,000, which originated in 1920. The guaranty in question is of the following tenor:

"Kansas City, Mo., Sept. 7, 1921.

"To Fidelity National Bank & Trust Company of Kansas City, Mo.:

"The undersigned hereby request you to give and continue to the First National Bank, Laverne, Oklahoma, or any of its officers (hereinafter styled the borrower), credit from time to time, and in consideration of your so doing, and for value received, and for the purpose of enabling the borrower to obtain such credit, the undersigned hereby promises and agrees to make to you prompt payment, as they severally mature, of all overdrafts of the borrower, of all loans made or which may be made by you to the borrower, and of all notes, acceptances and other paper which have been or may be by you discounted for the borrower or on its account or on its behalf, whether made, drawn, accepted, indorsed, or not indorsed by the borrower or by some individual for the accommodation of the borrower, as well as any and all renewals thereof. This is in-

tended to be a continuing promise and agreement, and shall apply to and cover any and all overdrafts, loans, discounts, and renewals of which the borrower shall receive the benefit, made prior to notice in writing given to your cashier that the undersigned will not be liable upon any such overdrafts, loans, or discounts made after the receipt of such notice. When any such overdrafts, loans, or paper, or any renewal thereof, shall become and remain due and unpaid, the undersigned will, on demand, pay the amount due thereon.

"Notice of the making or renewing of any such overdrafts, loans, or paper, protest for nonpayment thereof, and notice of acceptance hereof, are hereby expressly waived.

> "P. A. Johnston.
> "Roy Sappington.
> "B. H. Jett.
> "N. T. Stewart.
> "P. F. Spicer."

At the conclusion of the evidence at the trial, plaintiff moved for a directed verdict in its favor. Its motion was sustained, and judgment was entered accordingly. Both Johnston, the defendant, and Sappington were officers of the Laverne bank; the former its president and the latter its active vice president. Both were borrowers individually from the Kansas City bank. Roy Sappington was president of the Sappington Grain Company. At the time the loan was made to the grain company he directed the plaintiff to place the proceeds to the credit of the Laverne Bank. It does not appear from the evidence, however, that the Laverne Bank benefited directly by the proceeds of the note; that it may have had some indirect benefit therefrom appears from the relationship existing between the Laverne Bank and the grain company. It appears in evidence that in January, 1921, and before the execution of the notes in suit, the Sappington Grain Company had turned over to the Laverne Bank its two elevators and all of its property to secure that bank for an indebtedness amounting approximately to $15,000; also, that at about the same time Roy Sappington and wife executed to the Laverne Bank a warranty deed conveying lots in the town of Laverne as additional security for this debt. The grain company at that time had practically ceased to be a going concern, although it did not cease its activities entirely until the following year. At the time the guaranty was executed, the Laverne Bank was executing some bills payable to the plaintiff. It does not appear from the record that at that time, or previously, that bank had been a borrower from the plaintiff. The defendant Johnston was the president and a large stockholder of the Laverne Bank.

[1, 2] The case turns upon the construction to be given to the written guaranty. The unambiguous language of that instrument undoubtedly sustains the ruling of the trial court, but counsel for plaintiff in error insist that it was given solely to secure indebtedness of the bank, and not that of its officers and directors. If the language of the guaranty is sufficiently clear and unambiguous, such a defense is not open to the defendant, because it would operate to vary by parol the plain terms of the writing; but, apart from this consideration, we think the instrument itself, in the light of the admitted and established facts, defeats this contention of defendant. If the purpose was merely to declare that all notes made for the benefit of the bank, although signed individually by an officer, should be covered by this guaranty, then the writing would add nothing of value, because it would still be necessary to prove aliunde that the loan actually inured to the benefit of the bank, or was made by its authority. By the terms of the instrument the officers, as individuals, were expressly coupled with the bank under the comprehensive term of "borrower." The guaranty is a continuing one, and covers all overdrafts, loans, and discounts, past, present, and future, "whether made, drawn, accepted, indorsed, or not indorsed by the borrower or by some individual for the accommodation of the borrower."

If we are to indulge the construction for which plaintiff in error contends, the language quoted becomes mere surplusage. As has been stated, both Johnston and Sappington were and had been borrowers from the Kansas City bank. The First National Bank of Laverne was a large creditor of both Sappington and the Sappington Grain Company, and was vitally interested in the maintenance of the credit of Sappington with defendant in error. It was likewise desirous of negotiating a loan or loans on its own behalf. Johnston was the president and a large stockholder of the Laverne Bank. The interests of the Laverne Bank and these officers were interwoven. Renewals of existing indebtedness and continued credit were desired. If the guaranty was intended to be restricted to the bank alone, it is difficult to perceive why reference was made to paper which had theretofore been discounted, because it does not appear that the Laverne Bank itself had theretofore been a borrower.

That bank was endeavoring to secure from Sappington and the Sappington Grain Company, out of assets transferred to it, payment of the large indebtedness of Sappington and the grain company to it. It was therefore interested in the continued extension of credit to Sappington and the grain company, and profited thus indirectly by the renewals made. The defendant in error exacted this guaranty for its security under such circumstances. The language employed is plain, and we find no justification for departing from its letter.

The judgment below accordingly is affirmed.